IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HAROLD E. PHILHOWER, | § | |
| | § | No. 283, 2016 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below:  Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1410003902 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted:  September 7, 2016
Decided:  October 28, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

# **O R D E R**

This 28th day of October 2016, upon consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1)    In January 2016, following a four-day trial, a Superior Court jury convicted the defendant-appellant, Harold Philhower, of one count of Rape in the Third Degree (as a lesser included offense to the charge of Rape in the Second Degree) and three counts of Dealing in Child Pornography.  The jury acquitted him of four other charges.  Following a presentence investigation, the Superior Court sentenced Philhower on May 25, 2016 to a total period of 100 years at Level V incarceration, to be suspended after serving eight years in

prison, to be followed by three years of probation supervision. This is Philhower's direct appeal.

(2) Philhower's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, counsel informed Philhower of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief and appendix. Philhower also was informed of his right to supplement his attorney's presentation. The State has responded to counsel's position and to Philhower's argument and has moved to affirm the Superior Court's judgment.

(3) The trial transcript reflects that the State introduced into evidence a redacted recording of Philhower's statement to the police on October 6, 2014. During that statement, Philhower admitted receiving three or four nude pictures on his telephone from the then thirteen-year-old victim. During the same interview, Philhower also confessed to engaging in one incident of oral sex with the victim. After Philhower's statement was introduced at trial through the testimony of the investigating officer, the victim testified that she had sent Philhower three nude photographs of herself at Philhower's request. She testified that, after she sent the photographs, Philhower acknowledged looking at them. The victim also testified about an incident during which Philhower pulled

down her pants and performed oral sex on her. Philhower testified at trial and denied the allegations.

(4) Philhower has raised one issue for the Court's consideration in response to his counsel's motion to withdraw. He contends that the State failed to establish the corpus delicti of his four convictions, independent of Philhower's own taped statement to police. Philhower essentially contends that the victim's testimony was coerced and that the State failed to present any competent evidence, independent of his taped statement, to support his convictions.

(5) The standard and scope of review applicable to the consideration of defense counsel's motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal; and (b) the Court must conduct its own review of the record in order to determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

---

[1] *Penson v Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

(6) "Corpus delicti" means the "body of the crime."[2] In plain terms, the corpus delicti rule requires the State to prove that a crime was committed by somebody.[3] An accused's confession to a crime without "some" independent proof of the corpus delicti is insufficient evidence to support a conviction.[4] This Court has held that the victim's identification of the defendant as the perpetrator, even in the absence of any physical evidence linking the defendant to the crime, constitutes sufficient evidence to support a defendant's conviction of a sexual crime, as long as the victim's testimony establishes every element of the offense charged.[5] The victim's identification of Philhower as the perpetrator in this case was independent proof of the corpus delicti and was sufficient to establish every element of the charged offenses.

(7) To the extent Philhower contends that the victim's testimony was coerced, he did not raise this argument to the Superior Court in the first instance.[6] Contrary to his assertion, a challenge to the credibility of a witness goes to the weight to be accorded to that evidence by the jury, not to its admissibility.[7] The jury is the sole judge of the credibility of the witnesses

---

[2] *McDonald v. State*, 2016 WL 4699155, *3 (Del. Sept. 7, 2016) (internal quotations omitted).

[3] *Jenkins v. State*, 401 A.2d 83, 86 (Del. 1979).

[4] *Id.*

[5] *Jacobs v. State*, 2015 WL 6780786, *2 (Del. Nov. 5, 2015).

[6] Del. Supr. Ct. R. 8 (2016).

[7] *Taylor v. State*, 76 A.3d 791, 800 (Del. 2013).

appearing before the trial court and is responsible for resolving any conflicts in the testimony.[8] It was within the purview of the jury in this case to determine what weight to give to the victim's testimony. We find no merit to Philhower's argument on appeal.

(8) The Court has reviewed the record carefully and has concluded that Philhower's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Philhower's counsel has made a conscientious effort to examine the record and has properly determined that Philhower could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[8] *McCoy v. State* 112 A.3d 239, 268 (Del. 2014).

5